| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| AHUDEL DUARTE-MEDINA, | § |
| | § |
| Petitioner, | § |
| | § |
| versus | § CIVIL ACTION NO. 1:17-CV-92 |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant, Ahudel Duarte-Medina ("Duarte-Medina"), represented by counsel, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. After an evidentiary hearing, the Magistrate Judge recommends denying the motion to vacate, set aside or correct sentence.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

The objections are organized into three separate categories: (1) objections to the summary of the motion, (2) objections to the summary of the evidentiary hearing, and (3) objections to the findings of ineffective assistance of counsel and voluntariness of the guilty plea. After careful

consideration of the pleadings and the transcript of the evidentiary hearing, the court finds the objections lacking in merit.

The Magistrate Judge's summary of the motion and the testimony elicited at the evidentiary hearing is accurate. The Magistrate Judge also accurately described the timeline of events relating to the plea agreement, and the credibility determinations of the Magistrate Judge are supported by the record. As outlined by the Magistrate Judge, Duarte-Medina's plea was voluntary and counsel was not ineffective in presenting the "false" birth certificate to the Government in light of the circumstances that transpired. Furthermore, counsel was not ineffective in advising Duarte-Medina to proceed with the plea agreement despite the changed sentencing consequences in light of the "false" birth certificate. Duarte-Medina continues to ignore the fact that the plea agreement was still beneficial at the time he pleaded guilty. If the Probation Department found that Duarte-Medina accepted responsibility, the Government was bound by the terms of the plea agreement and could not argue against that finding. *See* FED. R. CRIM. P. 11(c)(1)(B); Plea Agreement, ¶ 5(c) (docket entry no. 12-1).

Duarte-Medina finally argues that in order to establish prejudice, he is not required to show he would have prevailed at trial or received a lesser sentence under *Hill v. Lockart*. 474 U.S. 52, 59 (1985). In urging this objection, Duarte-Medina complains that the Magistrate Judge failed to analyze the prejudice prong in light of the recent Supreme Court opinion in *Lee v. United States*. 137 S.Ct. 1958, 1966 (2017).

With respect to prejudice, the Magistrate Judge found "[t]o show prejudice in the context of a guilty plea, Duarte-Medina must establish that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"

Report and Recommendation, pg. 28 (citing *Hill v. Lockart*, 474 U.S. 52, 59 (1985). The Magistrate Judge found Duarte-Medina's after-the-fact assertion that he would not have pleaded guilty and would have insisted on trial not credible. Thus, the Magistrate Judge appropriately analyzed the prejudice prong under *Hill v. Lockart*.

In *Lee*, the Supreme Court merely expounded on the standard for showing prejudice in the context of a guilty plea. 137 S.Ct. 1958, 1966 (2017). The Court emphasized the need for a case-by-case examination of the totality of the evidence. *Id*. "Although the Court declined to adopt an automatic rule denying prejudice claims when the defendant cannot mount a viable defense, it warned against courts "upset[ting] a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Young v. Spinner*, 873 F.3d 282, 286 (5th Cir. 2017) (citing *Lee v. United States*, 137 S.Ct. at 1966-67).

An analysis under *Lee* does not yield a different conclusion concerning prejudice. As required by *Lee*, the Magistrate Judge examined the totality of the evidence and correctly determined Duarte-Medina did not suffer prejudice as a result of any alleged deficient performance. Thus, the Magistrate Judge did not err in finding Duarte-Medina has not shown prejudice.

To the extent any objections remain, they are conclusory and are overruled.

## ORDER

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is

**ADOPTED.** A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

In addition, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the movant has not shown that the issues are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**Signed this date**
**Jul 25, 2018**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE